IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLAIN M. ALLEN, | ) | |
| # 259635 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.2:09cv62-TMH |
| | ) | (WO) |
| FRANK ALBRIGHT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The Clerk of the Court is DIRECTED to docket this action as one filed under the provisions of 28 U.S.C. § 2254.

This case is before the court on an amended *pro se* 28 U.S.C. § 2254 petition for habeas corpus relief filed by Alabama inmate Charlain M. Allen ("Allen"). In her petition, Allen challenges a prison sentence for fraudulent credit card use imposed on her in August 2004 by the Circuit Court for Hale County, Alabama, a state trial court. Allen claims that (1) the trial court should grant her jail credit for time she spent incarcerated in Sumter County, Alabama, and (2) her sentence is improper because the crime for which she was convicted was a felony at the time she committed the offense but the statute codifying the offense was later amended to make the crime a misdemeanor.

**DISCUSSION**

This court "in the exercise of its discretion and in furtherance of justice" may transfer

an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d). Allen attacks a sentence imposed upon her by the Circuit Court for Hale County, Alabama, and requests that the trial court award her credit for time spent released on pretrial bond. Hale County is located within the jurisdiction of the United States District Court for the Southern District of Alabama. In light of the foregoing, this court concludes that transfer of this case to such other court for review and disposition is appropriate.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that on or before **June 4, 2009**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 21st day of May, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE